This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, John Eldon Lyons ("Lyons"), appeals the decision of the Summit County Court of Common Pleas adjudicating him a sexual predator. We affirm.
 I.
In 1993, Lyons pled guilty to attempted rape in violation of R.C. 2923.02
and 2907.02(A)(1). The trial court sentenced Lyons to four to fifteen years in prison. Pursuant to R.C. 2950.09, the trial court held a hearing for the adjudication of Lyons' sexual offender status. Lyons and his victim, Leah Shaffer, testified at the hearing. On November 28, 2000, the trial adjudicated Lyons as a sexual predator.
This appeal followed.
 II.
Assignment of Error:
 THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A DETERMINATION THAT APPELLANT IS A [SEXUAL] PREDATOR: WITHIN THE MEANING OF R.C. 2950.01(E).
 In his sole assignment of error, Lyons argues that the trial court's determination that he is a sexual predator was not supported by sufficient evidence. We disagree.
If an offender is to be adjudicated as a sexual offender, a trial court must hold a hearing pursuant to R.C. 2950.09(B). "At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1). In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
In order for a trial court to adjudicate an offender as a sexual predator, the court must consider the factors outlined above and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C.2950.09(B)(3). The standard of clear and convincing evidence is met if the evidence produces a firm belief or conviction as to the matter to be established in the mind of the trier of fact. State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported, at 3. In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard.Cross v. Ledford (1954), 161 Ohio St. 469, 477; see, also, State v.Cartwright (Nov. 25, 1998), Lorain App. No. 97CA006782, unreported, at 6.
On appeal, Lyons argues that several of the statutory factors do not apply to this case. Specifically, he states that he has no prior sexually oriented convictions, that the use of drugs and alcohol were not involved, that there were no multiple victims and that he did not use cruelty or threats.
We note that the trial court was not required to mention each of the statutory factors in its decision, but merely to consider each factor in arriving at its decision. State v. Alexander (Apr. 14, 1999), Summit App. No. 18823, unreported, at 5-6, citing State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported, at 9. These factors need not be weighted or balanced, nor does the determination of sexual predator status demand that a majority of the factors listed weigh against the defendant. State v. Francis (June 16, 1999), Summit App. No. 18791, unreported, at 6, citing State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported.
A review of the record in the case sub judice demonstrates the trial court's classification of Lyons as a sexual predator is supported by clear and convincing evidence. The record indicates the trial court considered the evidence and testimony in light of the factors listed in R.C. 2950.09(B)(2) before concluding Lyons should be classified a sexual predator. The trial court considered the tender age of the victim (5-8 years old); the nature of the conduct, anal, oral and vaginal intercourse 4 to 5 times a week for three years; and the threats that the victim would have to leave her family and friends if she reported the abuse. Our independent examination of the record supports trial court's conclusion that, by clear and convincing evidence, Lyons qualifies as a sexual predator.
Lyons's assignment of error is overruled.
 III.
Having overruled Lyons's assignment of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., WHITMORE, J. CONCUR.